

Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

| IN RE: | CASE NO. 5:14-bk-50001 |
|---|---|
| CARLA ANN LYNCH, | CHAPTER 7 |
| Debtor. | JUDGE FRANK W. VOLK |
| IN RE: | CASE NO. 5:16-bk-50272 |
| CARLA ANN LYNCH, | CHAPTER 13 |
| Debtor. | JUDGE FRANK W. VOLK |

## MEMORANDUM OPINION AND ORDER

The Debtor, Carla Ann Lynch, currently has two (2) open bankruptcy cases in the Southern District of West Virginia. The first, a Chapter 7 case, was filed on January 7, 2014. The Chapter 7 Trustee, Robert L. Johns, filed his Report of No Distribution on June 25, 2015, but Ms. Lynch has not yet been granted a discharge and the case has not been closed. The second, filed on November 3, 2016, is a Chapter 13 case, and was filed by Ms. Lynch *pro se*.

Under the "Single Estate Rule," a debtor "cannot maintain simultaneous bankruptcy cases because '[a] debtor possesses only one estate for purposes of trusteeship.'" *In re Scruggs,* 320 B.R. 94 (Bankr. D. S.C. 2004), *Baltrotsky v. KH Funding, Inc. (In re Baltrotsky)*, No. DKC 2004-2643, 2004 U.S. Dist. LEXIS 25509, *11 (D. Md. Dec. 20, 2004) (quoting *Assocs. Fin. Servs. Corp. v. Cowen*, 29 B.R. 888, 894 (Bankr. S.D. Ohio 1983)).The Court is aware of a

1

minority position but, under the precise circumstances presented, those cases do not appear applicable.

It appears well-settled that "[t]he majority of courts hold that maintaining simultaneous bankruptcy cases is *per se* barred." *In re Brown*, 399 B.R. 162, 166 (Bankr. W.D. Va. 2009). Application of the majority rule in this setting would result in dismissal of the latter-filed Chapter 13 case. Indeed there appears to be nearly "universal agreement . . . that where a debtor files for chapter 7 relief and then files for protection under chapter 13 before receiving a discharge in the original chapter 7 case, . . . the chapter 13 is a nullity because the filing of simultaneous petitions is 'contrary to the obvious contemplated function of the Bankruptcy Code to resolve a debtor's financial affairs by administration of a debtor's property as a single estate under a single chapter within the code.'" *Turner v. Citizens Nat'l Bank (In re Turner)*, 207 B.R. 373, 378 (2d Cir. B.A.P. 1997) (quoting *In re Kosenka*, 104 B.R. 40, 42 (Bankr. N.D. Ind. 1989)).

Because Ms. Lynch filed her second case without the assistance of counsel, this Court will permit her time to consult with an attorney before dismissing one of the cases. Thus,

**IT IS ORDERED** that, after consultation with her attorney, and within ten (10) days of the entry of this order, Ms. Lynch shall make an election concerning which case she would like to remain open. If nothing is filed within that time period, the Court shall automatically, and without a hearing or the necessity of a further order, dismiss the later-filed case.

The Clerk's Office is directed to serve this Order on the Debtor, at her personal residence, the Chapter 7 Trustee, and the Debtor's Counsel of Record in her Chapter 7 Case, Paul W Roop, II. Additionally, the Clerk's Office is directed to docket this written opinion and rder in both of Ms. Lynch's open cases.